COUNSEL'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | PRESENTENCE INVESTIGATION REPORT |
| | ) | |
| Charles R. Calloway | ) | Docket No. 1:93CR400-001 |

**Prepared For:** The Honorable John M. Manos
U.S. District Court Judge

**Prepared By:** Suzanne Wilkins
U.S. Probation Officer
Cleveland, Ohio
216-522-2200 Ext 56

**Assistant U.S. Attorney**
Christa Brunst
1800 Bank One Center
600 Superior Avenue, East
Cleveland, Ohio 44114
216-622-3764

**Defense Counsel**
Charles E. Fleming
750 Skylight Office Tower
1660 West 2nd Street
Cleveland, Ohio 44113
216-522-4856

**Sentence Date:** PENDING

**Offense:**  Count(s) 1 and 4: 21 U.S.C. § 841 (a) (1) and (b) (1) (B) - Possession With Intent to Distribute Crack Cocaine, a Class B felony.
5 to 40 years/$2,000,000.00

Count 2: 18 U.S.C. § 924 (c) - Use of a Firearm in Relation to Certain Crimes, a Class D felony.
5 years/$250,000.00

**Release Status:** On November 23, 1993, the defendant was arrested and is currently being held in Pretrial detention at the Cuyahoga County jail, Cleveland, Ohio.

**Detainers:** None

**Codefendants:** None

**Related Cases:** None

Date Report Prepared: 7/1/94
Date Report Revised: 7/19/94

[ X ] Mandatory Minimum

RE:  **CALLOWAY, Charles R.** aka: Hassim Calloway

## Identifying Data:

| | |
|---|---|
| Date of Birth: | April 30, 1973;  April 30, 1974;  November 9, 1974 |
| Age: | 21 years |
| Race: | Black |
| Sex: | Male |
| | |
| SSN No: | 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;  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;  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;  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 |
| FBI No: | 134466TA6 |
| USM No: | 3501-060 |
| Other ID No: | Ohio BCI:  B456648 |
| | |
| Education: | 10th Grade |
| Dependents: | None |
| Citizenship: | United States |

Legal Address:  Cuyahoga County Jail
　　　　　　　　1215 West Third
　　　　　　　　Cleveland, Ohio 44113

Aliases:
　　Hassim Calloway,
　　Coleman Calloway,
　　Anthony Alexander,
　　Charles Burke,
　　Rick Coleman,
　　Hassim Kallie Coleman,
　　Ricky Taylor Desmond,
　　Rick Taylor
　　Oshay Kevin Jones

RE: CALLOWAY, Charles R. aka: Hassim Calloway

PART A. THE OFFENSE

Charge(s) and Conviction(s)

1. On May 23, 1994, the defendant entered a plea of guilty to Counts 1, 2 and 4 of a five Count Superseding Indictment and was referred for a presentence investigation. The referral was received in the Probation Office on May 31, 1994. Sentencing is pending in this case. The Superseding Indictment charges as follows:

### Count 1

2. From a date unknown and continuing through September 29, 1993, the defendant did knowingly and intentionally possess with intent to distribute approximately 18.24 grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance; in violation of Title 21, §§ 841 (a) (1) and (b) (1) (B), U.S.C.

### Count 2

3. From a date unknown until September 29, 1993, the defendant did knowingly use and carry a firearm, to wit: a Glock, 9mm semi-automatic pistol, serial number ZB018, during and in relation to the commission of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: Title 21 § 841 (a) (1), U.S.C; in violation of Title 18 § 924 (c) (1), U.S.C.

### Count 4

4. On November 8, 1993, the defendant did knowingly and intentionally possess with intent to distribute approximately 7.06 grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance; in violation of Title 21, §§ 841 (a) (1) and (b) (1) (B), U.S.C.

### Count 3 (to be dismissed)

5. On October 14, 1993, the defendant did knowingly and intentionally possess with intent to distribute approximately 6.81 grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II narcotic drug controlled substance; in violation of Title 21, §§ 841 (a) (1) and (b) (1) (B), U.S.C.

*[handwritten: To qualify as two Prior Felony conviction the offense must be unrelated]*

### Count 5 (to be dismissed)

6. From a date unknown until November 24, 1993, the defendant did knowingly and intentionally possess with intent to distribute approximately 2.88 grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II

3

RE: **CALLOWAY, Charles R.** aka: Hassim Calloway

narcotic drug controlled substance; in violation of Title 21, §§ 841 (a) (1) and (b) (1) (B), U.S.C.

### Plea Agreement

7. The Plea Agreement drawn on this case states that the defendant agrees to enter a plea of guilty to Counts 1, 2, and 4 of the Superseding Indictment. The Government agrees to dismiss Counts 3 and 5 at the time of sentencing.

8. The defendant and the Government agree not to seek departures from the applicable guidelines.

9. The parties agree that the amount of cocaine base (crack) attributable to the defendant is 34.99 grams.

10. The parties further agree that, with the calculations set forth in this Plea Agreement, the appropriate sentence is 120 months, if the Criminal History Category is found to be I.

### The Offense Conduct

11. The information presented was provided by the U. S. Attorney's Office. On September 2, 1993, the defendant was arrested by Warrensville Heights Police after the police observed him placing 18.24 grams of crack and a loaded Glock 9mm semi-automatic pistol in an empty mailbox at Banbury Court Apartments, Warrensville Heights, Ohio.

12. On November 8, 1993, the Cleveland Police Department Vice Unit, received a tip from a Confidential Reliable Informant (CRI) who observed a black male conducting two suspected narcotics transactions. The Black male was later identified as the defendant, who, at the time, identified himself as Charles Burke. The CRI observed the defendant placing money in the trunk of a grey Chevrolet and carrying crack enclosed in a plastic bag in his hand. The Cleveland Police Vice Unit responded to the tip being that West 50th and Bridge Avenue, Cleveland, Ohio is a high volume narcotics area.

13. The police observed the defendant walking from the grey Chevrolet holding something in his hand. The defendant looked over his shoulder, became nervous and ran after the pursuing officer identified himself. During the chase, the officer observed the defendant throw something down. The defendant admitted later (at the Second District station) that he did throw down crack cocaine. He stated that he stopped running only because he had no evidence on him.

14. After the chase, the defendant was apprehended hiding behind an abandoned truck in the rear yard of 5215 Bridge Avenue. At this time, the defendant was advised

RE: **CALLOWAY, Charles R.** aka: Hassim Calloway

of his Miranda rights and questioned. The defendant stated that he resided at West 98th Street and walked to West 50th. He stated that the grey Chevrolet belonged to his mother and that it was parked at her employment. When the police returned the defendant to the vehicle, the defendant admitted that money was in the trunk. During the search of the vehicle, a substance later identified as crack (7.06 grams) was found under the mat of that rear passenger seat. Also found in the vehicle was a plastic bag containing crack (glove compartment); a black handled kitchen knife (under the driver's seat); and $199.00 in cash (in the trunk). The vehicle was impounded and the defendant was taken into custody.

15. As to relevant conduct in this case, on October 14, 1993, the defendant was arrested by the Warrensville Heights Police, Warrensville Heights, Ohio, on an outstanding warrant. A bag containing 6.81 grams of crack was found in the defendant's underwear. On November 24, 1994, the defendant was incarcerated at Euclid City Jail, Euclid, Ohio by the U.S.Marshal's Office. A bag containing 2.88 grams of crack was found in the defendant's cell. It is believed that the defendant swallowed the bag of crack upon arrest and defecated the bag into the toilet the next day. *[handwritten: October 14, was also Relevant conduct. 6.81 grams contributed to the 34.99 grams]*

### Victim Impact

16. There are no identifiable victims of the offense.

### Adjustment for Obstruction of Justice

17. There is no information suggesting that the defendant impeded or obstructed the administration of justice.

### Adjustment for Acceptance of Responsibility

18. The defendant admits his culpability in the instant offense.

### Offense Level Computations

19. The 1993 edition of the Guidelines Manual has been used in this case. Pursuant to 3D1.2 (b) and (d), Counts 1 and 4 are groupable. Pursuant to Section 3D1.1(b), any Count for which the statute mandates imposition of a consecutive sentence is excluded from multiple-count grouping, therefore Count 2 cannot be grouped.

20. Counts 1 and 4 - Unlawful Manufacturing, Importing, Exporting, Trafficking, (Including Possession With Intent To Commit These Offenses). (Crack)

21. **Base Offense Level:** The United States Sentencing Commission Guideline for violation of 21 U.S.C. § 841(b)(1)(B) is found in U.S.S.G § 2D1.1 and calls     **28**

RE: CALLOWAY, Charles R. aka: Hassim Calloway

    for a base offense level of 28. The amount of crack attributable to the defendant is 34.99 grams.

| | | |
|---|---|---:|
| 22. | **Specific Offense Characteristics:** None. | <u>0</u> |
| 23. | **Victim-Related Adjustments:** None. | <u>0</u> |
| 24. | **Adjustments for Role in the Offense:** None. | <u>0</u> |
| 25. | **Adjustment for Obstruction of Justice:** None. | <u>0</u> |
| 26. | **Adjusted Offense Level (Subtotal):** | <u>28</u> |
| 27. | **Adjustment for Acceptance of Responsibility:** | <u>-3</u> |
| 28. | **Offense Level:** | <u>25</u> |
| 29. | **Chapter Four Enhancements:** None. | <u>0</u> |
| 30. | **Total Offense Level:** | <u>25</u> |

31.   <u>Count 2</u> - Use of Firearms or Armor - Piercing Ammunition during or in relation to certain crimes. Pursuant to 2K2.4, if the defendant is convicted under 18 U.S.C. § 924 (c), a five year term of imprisonment is to run consecutive to any other term of imprisonment.

PART B.   DEFENDANT'S CRIMINAL HISTORY

<u>Juvenile Adjudication(s)</u>

32.   None.

<u>Adult Criminal Conviction(s)</u>

| | Date of Arrest | Conviction/ Court | Disposition | Guideline | Pt |
|---|---|---|---|---|---|
| 33. | 10/27/93 | Attempted Drug Abuse, Cuyahoga County Court of Common Pleas, Cleveland, Ohio, CR303546 | 2/16/94, sentenced to six months custody and costs. Execution of time suspended, defendant referred to Cleveland Works by 2/18/94. | 4A1.1(c) | 1 |

RE: **CALLOWAY, Charles R.** aka: Hassim Calloway

> The defendant was represented by Counsel.
> The defendant had on his person 7 rocks of crack and a pager that had been stolen. The original charges were Possession of Cocaine and Receiving Stolen Property (pager). Count 2 was nolled.

### Criminal History Computation

34. The total of the criminal history points is 1. According to the sentencing table at U.S.S.G. Chapter 5, Part A, 1 criminal history point establishes a Criminal History Category of I.

### Pending Charges

|     | Date of Arrest | Charge | Agency | Disposition |
| --- | --- | --- | --- | --- |
| 35. | 3/24/93 | Possession of a Controlled Substance With Intent to Deliver (Crack Cocaine), 93F-162 | Huntington Police Department, Huntington, West Virginia | 4/13/93, warrant issued. |

> The defendant was represented by Counsel.
> According to the Southern District of West Virginia Probation Office, this record was found under the name, Hassim Kalie Coleman aka, Rick, 14817 Fordham, Detroit, Michigan. A preliminary hearing was set for March 31, 1993 and continued to April 13, 1993 at the request of the defendant. The Indictment states that on January 18, 1993, the defendant did unlawfully sell three rocks of crack cocaine to a cooperating witness for $100.00. This offense occurred in Northcott Court, a government housing project located on 16th Street between Daulton Avenue and Charleston Avenue.

|     | Date of Arrest | Charge | Agency | Disposition |
| --- | --- | --- | --- | --- |
| 36. | 4/13/93 | Failure to Appear | Magistrate Court, Cabell County, Huntington, West Virginia, 93F-203 | 4/22/93, warrant issued. |

> On April 13, 1993, the defendant failed to appear for his preliminary hearing set on April 13, 1993 at 11:00 a.m. The defendant's name was called three times and he failed to answer. Attempts by his counsel to contact him were

7

RE: CALLOWAY, Charles R. aka: Hassim Calloway

        unsuccessful. The original charge was Possession of a Controlled Substance With Intent to Deliver (93F-162).

Other Arrests

| | | | | |
|---|---|---|---|---|
| 37. | 9/18/93 | 1) New Driver's License, 2) Obstruction of Official Business, 3) Speed, Willoughby Municipal Court, Willoughby, Ohio | Wickliffe, Police Department, Wickliffe, Ohio | 4/19/94, nolled. |

        According to Willoughby Municipal Court, the charges were nolled because the defendant is in Federal custody.

| | | | | |
|---|---|---|---|---|
| 38. | 11/29/93 | Conveyance of Drugs into a Penal Facility, Euclid Municipal Court, Euclid, Ohio, 93CRA1279 | Euclid Police | Bond over to Grand Jury, bond at $65,000.00, surety. |

        According to Euclid Municipal Court, the defendant was charged on November 29, 1994. The offense conduct is set forth in Count 5 of the Federal Superseding Indictment.

Other Criminal Conduct

39. On August 25, 1993, the defendant was arrested by the Warrensville Heights Police at Banbury Village and charged with Loitering in a Drug Area. On September 2, 1993, the defendant pled no contest in Bedford Municipal Court, Bedford, Ohio and was found guilty. He was sentenced to $250.00 and costs and thirty days suspended on the condition that he have no subsequent convictions for one year. $351.31 in cash and a pager was forfeited. This conviction is not counted pursuant to 4A1.2 (c) (2).

40. On November 24, 1993, the defendant was arrested by the Cleveland Police for Aggravated Trafficking in Cocaine, CR304822. On January 24, 1994, the case was dismissed due to the instant offense.

RE: CALLOWAY, Charles R. aka: Hassim Calloway

PART C. OFFENDER CHARACTERISTICS

<u>Personal and Family Data</u>

41. Unless otherwise noted, the information presented was provided by the defendant in an interview conducted at the Cuyahoga County jail, Cleveland, Ohio. Defense Counsel was present. The defendant states that his mother, Darlene Simmons and sister Monika Calloway moved to Detroit two months ago. They left no forwarding address or phone number. Collateral Contact with the defendant's younger half-brother, Demetrius, was made on June 28, 1994.

42. The defendant was born to Charles Ricky Calloway, age 39 of Cleveland, Ohio and Darlene (nee: Long) Simmons, age 37, on April 30, 1973 in Cleveland, Ohio. The defendant states that his parents never married. The defendant reports one sister, namely Monika Calloway, age 19. The defendant states that his mother has been married to Riccardo Simmons since he was twelve years old. The defendant states that he has no relationship with his stepfather. The defendant indicated that he raised himself and has been on his own since he was twelve years old.

43. The defendant reports three half-brothers from the marriage of his father Charles Calloway and Catherine McCarver Calloway. They are Charles Earl McCarver, age 19; Demetrius Calloway, age 17; and Antonio Calloway, age 13. The defendant's brother, Demetrius, states that his parents have been divorced for several years. He also states that although he and the defendant did not reside in the same home, they are a close knit family.

44. According to information received from the Southern District of West Virginia Probation Office, at the time of the defendant's arrest on March 24, 1993 with Cabell County, Huntington, West Virginia, the defendant reported that his name was Hasim Kalie Coleman with a date of birth of November 9, 1974 and a Social Security Number of 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. He reported that his father is Scottie Hammon, age 46, his mother is Flora Coleman, age 42 (deceased). He also reported only one sibling, Milo Coleman. Upon advise of defense counsel, this writer was not allowed to question the defendant about his aliases.

45. The defendant states that he has fathered two children who reside in Detroit, Michigan. They are Brandon Hemphill, age 2 and Charles Ricky Alexander, also, age 2. The defendant states that his children live with their respective mothers, Kenyada Hemphill, age 20 and Rochelle Alexander, age 22. The defendant states that he no longer has a relationship with his children's mothers. The defendant states that these women live across the street from each other and he has known them both since the age of 13. The defendant reports that he does not pay Court ordered child support for either child.

9

RE: **CALLOWAY, Charles R.** aka: Hassim Calloway

46. The defendant states that he, along with his mother and sister, resided in Detroit, Michigan from age 8 through age 19.

### Physical Condition

47. The defendant is a 6'2", 175 pound Black male with no tatoos. The defendant reports a light colored birthmark on his buttock. The defendant reports a facial scar that he received while riding a bike when he was four years old. The defendant also reports a gunshot wound on the bottom of his left foot. The defendant did not disclose the incident resulting in the gunshot wound.

48. The defendant states that he is not under the care of a physician nor taking prescription medication. The defendant states that he has never had the chickenpox.

### Mental and Emotional Health

49. The defendant denies any emotional or mental health problems. The defendant states that he has never received psychological counseling or psychiatric treatment.

### Substance Abuse

50. The defendant declined to discuss a substance abuse history upon the advise of defense counsel. It is to be noted that the defendant's criminal history consists of drug, namely, crack cocaine, trafficking offenses.

### Education and Vocational Skills

51. The defendant reports attending Inkster High School, Detroit, Michigan. He states that he quit in 1992 while repeating the 11th grade.

### Employment Record

52. The defendant reports no legitimate employment.

### Financial Condition: Ability to Pay

53. The defendant reports no assets, liabilities or monthly cash flow.

## PART D.   SENTENCING OPTIONS

### Custody

54. **Statutory Provisions:** Count 1 and 4 - The term of imprisonment is at least 5 to 40 years as to each Count, pursuant to 21 U.S.C. § 841 (b) (1) (B).

RE: **CALLOWAY, Charles R.** aka: Hassim Calloway

55. Count 2 - Pursuant to 18 U.S.C. § 924(c)(1), a 5 year term of imprisonment is mandatory and consecutive to any other term of imprisonment.

56. **Guideline Provisions:** Pursuant to U.S.S.G. 2D1.1, based on a total offense level of 25 and a Criminal History Category of I, the guideline range for imprisonment is 57 to 71 months.

Impact Plea Agreement

57. The parties agree that, with the calculations set forth in this Plea Agreement, the appropriate sentence is 120 months, if the Criminal History Category is found to be I.

Supervised Release

58. **Statutory Provisions:** Counts 1 and 4 - If a term of imprisonment is imposed, the Court may impose a term of supervised release of at least four years and not more than five years. 21 U.S.C. § 841 (b) (1) (B).

59. **Statutory Provisions:** Count 2 - If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2).

60. **Guideline Provisions:** The guideline range for a term of supervised release is at least four years, but not more than five years. 5D1.2(a). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required, but is optional. 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one year. 5D1.1(a).

Probation

61. **Statutory Provisions:** Counts 1, 2, and 4 - The defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute.

62. **Guideline Provisions:** The defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to 5B1.1(b)(2).

Fines

63. **Statutory Provisions:** Counts 1 and 4 - The maximum fine is $2,000,000.00 as to each Count of conviction. Count 2 - The maximum fine is $250,000.00. A special assessment of $50.00 as to each Count of conviction, for a total of $150.00 is mandatory, pursuant to 18 U.S.C. § 3013.

RE: CALLOWAY, Charles R. aka: Hassim Calloway

PART E. FACTORS THAT MAY WARRANT DEPARTURE

69. There appear to be no factors that warrant a departure from the applicable guidelines.

Respectfully submitted,
Keith A. Koenning
Chief U.S. Probation Officer

by *[signature]*
Suzanne B. Wilkins
U.S. Probation Officer
216-522-2200 Ext 56

Approved:

*[signature]*
Norris T. Martin          DATE 7/1/94
Supervising U.S. Probation Officer
(216) 522-2214

ADDENDUM TO THE PRESENTENCE REPORT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
UNITED STATES V. Charles R. Calloway, DOCKET NO. 1:93CR400-001

## OBJECTIONS

### By the Government

None.

### By the Defendant

None.

Respectfully submitted,
Keith A. Koenning
Chief U.S. Probation Officer

by *[signature]*
Suzanne Wilkins
U.S. Probation Officer
216-522-2200 Ext 56

SBW/sbw

Approved:

*[signature]*
Norris T. Martin                DATE 7/19/94
Supervising U.S. Probation Officer
216-522-2214

14